378      APPELLATE COURTS OF ILLINOIS.

Alexander v. Donk Bros. Coal & Coke Co., 149 App. 378.

### Claude Alexander, Appellee, v. Donk Bros. Coal & Coke Company, Appellant.

1. EVIDENCE—*how defense of engineering problem made to charge of wilful violation must be established.* The defense interposed to the charge of wilful violation that the conditions complained of represented an engineering problem for which the operator was not liable, in order to be considered by the court must be supported by evidence.

2. INSTRUCTIONS—*must be pertinent to issues.* An instruction which is misleading as applied to the particular facts of a case is improper and should not be given to the jury.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed June 15, 1909.

WISE, McNULTY & KEEFE, for appellant.

C. H. BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee was injured while working as a mule driver in appellant's mine at Maryville, Madison county, brought suit and recovered a judgment against appellant for $300.

The injury occurred about 9:30 o'clock at night on May 1, 1907, while he was working extra time driving a mule attached to a flat-car, loaded with timbers, to be distributed among the working places of the mine. Mr. Palacek, the night-boss, was riding with him on the car at the time. Appellee had been working in the mine for five or six years, driving in various parts thereof, but had only driven along the place where he was hurt once within the preceding two months. He claims that as he was going along an entry on the north side of the mine, he came to a little grade and got off the car to hold it back; that when he stepped off, his foot went between the rail on the track

and the compressed air pipe, some three inches distant, where it was caught and crushed and his ankle bone broken.   Mr. Palacek, the only other person present, who was a witness for appellant, testified concerning the occurrence: "I could not say whether I was looking at Alexander at the time he got hurt or not; the only thing I seen was that he was between the truck and the props.  I seen he got off; he hollered; I got off and said, 'Are you hurt?' and he said, 'My leg is broken.'  *  *  *  I never saw anything about his foot being caught," and in answer to this question, "Was his foot, so far as you saw, caught there?" he answered, "No, sir."  He further testified that he said to appellee after he was taken to the top: "Claude, how did this accident happen?" and appellee answered, "I was sliding my foot on the rail, and that caught a chunk of coal."

Two assistant mine managers also stated appellee said on one occasion in their presence, that at the time he was injured he was braking the car with his foot, sliding it along the track, and it caught a chunk of coal which tripped him.   There was also a difference of opinion between the witnesses for the respective parties as to the distance the compressed air pipe was from the rail, ranging from three to seven inches.

It appeared, however, from the proofs that the oil cups on the cars rubbed the air pipe, which was three or four inches in diameter, making it bright at certain places, indicating that in such places the pipe was in close proximity to the rail.   It may be that the differences between the estimates of the various witnesses, as to the proximity of the track to the pipe, is accounted for by the fact that the measurements were not all taken at the same place, the question as to which was the true place of the injury being in dispute.

Appellee denied that he made the statements concerning the manner in which he was injured, testified to by the three employes of appellant above mentioned. Upon the whole, questions concerning the manner in

380    Appellate Courts of Illinois.

Alexander v. Donk Bros. Coal & Coke Co., 149 App. 378.

which appellee was hurt and the proximity of the rail to the compressed air pipe, if indeed the slight difference testified to by the witnesses on the respective sides concerning such proximity was material as affecting the injury, were all questions of fact for the jury, and as there was evidence to support appellee's claim on both questions, we think it proper that the jury, which saw the witnesses on the stand, should be permitted to determine where the truth lay.

It is claimed by appellee that as the props were three feet from the track, the pipe should have been laid at least twenty inches from the track and that there was no excuse for its being so close. On the other hand it is claimed by appellant that the location of the pipe was an engineering problem and therefore appellant cannot properly be held liable for damages caused by its location. There was no proof, however, on the part of appellant tending to show that the location of the pipe in such close proximity to the rail was in fact an engineering problem or that any engineering difficulties would have been encountered in locating it at a greater distance. Upon the evidence we are of opinion, as was said by this court in the case of Gruenendahl v. Consolidated Coal Co., 108 Ill. App. 644, where a similar question was raised, that "it was for the jury to decide upon the evidence in this particular case, considering all of these conditions, whether or not the defendant was negligent."

Appellant complains of the first instruction for appellee, because it told the jury it was the duty of appellant to maintain a reasonably safe entry, track and way over, upon and along which appellee was required to pass in the performance of his duty as a driver, for the reason, as claimed, that there was no charge of negligence, save that of having the air pipe close to the track. The declaration, however, charged, not only that the air pipe was located about three inches from the rail but also that it was partially covered by the gob which had accumulated in large quantities there;

that the wheels in passing said air pipe would touch and rub against it and that said conditions were unsafe, improper and dangerous for use by appellee in said mine. The evidence was confined to these alleged unsafe conditions and therefore the jury could not have been misled by the instructions.

Appellant also complains that the court refused instruction No. 8 offered by it, which told the jury that if they found from the evidence "the track and pipe were in a reasonably safe and proper condition for the operation of the car plaintiff was on at the time he was injured, then the plaintiff cannot recover." This instruction was improper and misleading, as applied to the facts in this case, which involved only the question of the safety of the portion of the mine in question for appellee, in the performance of his duties as a driver. Appellant's other refused instructions were, so far as they were proper, fully covered by its given instructions. Upon the whole record we find no reason which appears to us to call for the reversal of the judgment of the court below, and the same is therefore affirmed.

*Affirmed.*